***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NATHAN JAMIL INGRAM, | : | |
| | : | Civil Action No. 12-5132 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LT. ALBERT RITCHER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

**NATHAN JAMIL INGRAM**, Plaintiff pro se
#262118
Camden County Correctional Facility
P.O. Box 90431
Camden, N.J. 08101

**HILLMAN**, District Judge

Plaintiff Nathan Jamil Ingram ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.[1]

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed without prejudice at this time.

---

[1] Plaintiff initially failed to submit a complete *in forma pauperis* application with his complaint and the Court denied his application and administratively terminated this action. (ECF No. 2.) Thereafter, Plaintiff submitted a complete *in forma pauperis* application. (ECF No. 3-4.) As such, this Court will re-open the case to conduct its screening of the complaint.

I. BACKGROUND

Plaintiff, incarcerated at the Camden County Correctional Facility in Camden, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Lieutenant Albert Richter; Deputy Warden Chris Fossler; Deputy Warden Anthony Pizzaro; Warden Eric Taylor; Correctional Officer King; Sergeant Reginald Adkins; Inmate Emmanuel Romero; and the medical staff at Center for Family Guidance.  The following factual allegations are taken from the complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On July 14, 2012, Plaintiff alleges that he was attacked by inmate Emmanuel Romero while walking back from his sunset prayer.  Plaintiff alleges that another inmate and Corrections Officer M. Turner tried to stop the fight, but Defendant Adkins and King "stood around and did nothing until after the situation was maintained."  Plaintiff alleges that Ritcher, Fossler, Pizzaro and Taylor, in their supervisory positions, did not provide adequate staff to prevent the attack from happening.  Plaintiff alleges that the medical staff of the Center for Family Guidance failed to provide him with a tetanus shot upon his admittance into the infirmary.  Plaintiff is seeking injunctive and monetary relief.

II.   DISCUSSION

A. Legal Standard

1. Standards for a *Sua Sponte* Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim

that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  *See Iqbal*, 556 U.S. 677-679.  *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his

constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

The PLRA contains an administrative exhaustion requirement: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); *Booth v. Churner*, 532 U.S. 731, 734 (2001) (prisoners must exhaust available administrative remedies, even where the relief sought cannot be granted in the administrative process). Further, district courts are authorized to *sua sponte* dismiss inmate complaints, pursuant to 42 U.S.C. § 1997e(a), when the failure to exhaust administrative remedies is apparent from the face of the complaint. *See Pena-Ruiz v. Solorzano*, 281 F. App'x 110, 112 n.3 (3d Cir. 2008) ("Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, we have recognized that a district court has the inherent

power to dismiss sua sponte a complaint such as this one which facially violates a bar to suit."); *Ray v. Kertes*, 285 F.3d 287, 295 n.5 (3d Cir. 2002) (where "the plaintiff-prisoners explicitly conceded their failure to exhaust administrative remedies [on the face of the complaint, such] dismissals would thus fall within a district court's inherent power to dismiss *sua sponte* a complaint which facially violates a bar to suit"); *Rowann v. Coleman*, 481 F. App'x 44 (3d Cir. 2012) ("although a District Court should generally not raise *sua sponte* the affirmative defense of failure to exhaust, *see Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), it may do so if the defense is apparent from the face of the complaint").

Plaintiff's complaint in this case is a handwritten copy of a prisoner civil rights complaint form. In response to the question on the form which asks whether Plaintiff has exhausted administrative remedies, Plaintiff checked the "No" box, and gave the following explanation: "They have only sent me to medical and put charges on Emanuel Romero, but there is no other remedy left for me, other than a lawsuit." (Compl. ¶ 5.)

Previous litigation in this District Court has revealed that Camden County Correctional Facility has a grievance procedure in place. *See Williams v. Owens*, 2005 WL 1638160, at *1 (D.N.J. July 12, 2005)("CCCF has a grievance procedure in place through which prisoners can grieve a variety of issues, including alleged violations of the Constitution and unsafe or unsanitary conditions within the prison. If a prisoner is unsatisfied with the initial response he receives as a result of his grievance, he can appeal to the warden or his designee within ten days. CCCF advised all inmates of the administrative policies upon entry.")(internal citations to record omitted); *Buchanan v. Taylor*, 2009 WL 349159, at *2-*3 (D.N.J. Feb. 10, 2009)(noting the existence of grievance procedure at CCCF); *see also* N.J.A.C. 10A:31-14.4.

Because exhaustion is mandatory and it is clear from the face of the complaint that Plaintiff

has not exhausted available administrative remedies, this Court will dismiss the complaint without prejudice pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.  As the dismissal is not on the merits, it is without prejudice to the filing of a new complaint asserting Plaintiff's claims after he has exhausted administrative remedies.

### III.  CONCLUSION

This Court grants Plaintiff's application to file the complaint without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915, and dismisses the Complaint without prejudice for failure to exhaust administrative remedies.  An appropriate order follows.

Dated:

At Camden.                              s/ Noel L. Hillman  
                                                     NOEL L. HILLMAN  
                                                     United States District Judge